# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT PHILLIP BAKER,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 11-11573-JLT<br>) |
| RUSSELL KAUFFMAN,<br>　　　Defendant. | )<br>)<br>) |

## MEMORANDUM AND ORDER

TAURO, D.J.

On September 15, 2011, this Court issued a Memorandum and Order (Docket No. 8) directing dismissal of this action (based on tenancy disputes) for lack of jurisdiction.

On October 26, 2011, Plaintiff filed a Motion for Reconsideration (Docket No. 11) on the grounds that he has physical and psychiatric disabilities, including amnesia resulting from brain damage from trauma induced seizures. He has limited use of a law library and limited funds. He asserts that he cannot get justice in the Essex County courts, having been unsuccessful in the Housing Court in Lawrence, the District Courts in both Haverhill and Lawrence, and the Superior Court in Essex County. He asserts that the Rooker-Feldman doctrine does not apply to bar his claims in this action because Defendant Kauffman was not a party to the state court litigation. He also asserts that, because Kauffman knew he was using his social security benefits to pay for housing, "that is tantamount therefore to a housing subsidy." Motion for Reconsideration (Docket No. 11 at ¶ 25). He concedes, however, that his social security benefits are "not a subsidy per se for housing...." Id.[1]

Next, he reiterates the allegations contained in his Complaint and Amended Complaint

---

[1] In light of this, the Court cannot find that Baker has asserted any plausible federal claim based on Kauffman's receipt of federal housing subsidies.

asserting violations of the Massachusetts Consumer Protection Act under Chapter 93A, regulations of the Department of Housing and Urban Development ("HUD"), and the Code of Massachusetts Regulations. Baker's 93A claims are based on the assertions, inter alia, that the Defendant failed to provide furniture in his attic apartment, failed to provide a receipt of his security deposit in an interest-bearing account, failed to engage in a written rental agreement, failed to heat the bedroom at a temperature mandated by HUD, failed to provide proper egress, failed to provide proper lighting, failed to provide handrails or banisters on the second flight of stairs and to maintain proper treading, and failed to maintain and repair the premises. Plaintiff also reasserts his claims that the Defendant is conducting an illegal motor vehicle business in the driveway, and is leaving hazardous materials such as anti-freeze, engine oil, transmission fluid, and battery acid on the premises. He asserts bald (and unsupported) RICO and EPA violations based on the Defendant's alleged illegal activities. Further, Plaintiff reasserts other claims contained in the Complaint along with a whole host of other grievances regarding the habitability of the rented premises.

Plaintiff's asserted causes of action contained in his Motion for Reconsideration include violations of the Code of Massachusetts Regulations promulgated by HUD, violations of HUD regulations, retaliation, discrimination, denial of access to the courts, denial of due process and equal protection, theft of mail, interference with his social security benefits, breach of the warranty of habitability, breach of quiet enjoyment, unfair and deceptive practices, negligence, infliction of emotional distress, invasion of privacy, discrimination as to Plaintiff's military status, violations of the Fair Housing Act, failure to reasonably accommodate, prohibiting Plaintiff's restoration of his driver's license, and a myriad of other unsupported causes of action.

DISCUSSION

Plaintiff has failed to convince this Court that reopening of this closed action is warranted. His Motion for Reconsideration (which incorporates a Second Amended Complaint), simply reiterates the myriad of housing grievances presented in the original Complaint and Amended Complaint, without providing any *bona fide* basis for this Court to find any plausible federal claim upon which relief may be granted. Thus, this Court cannot find that subject matter jurisdiction exists over Plaintiff's claims under its federal question jurisdiction, and, as noted previously, there is no basis for diversity jurisdiction because the parties are not diverse.

Moreover, even if the Rooker-Feldman doctrine was not applicable as Plaintiff contends (because the Defendant was not named in the state court litigation),[2] there is simply no discernible federal claim presented. His bald references to federal law (*i.e*, HUD, RICO, ADA, Fair Housing Act, § 1983) are insufficient under the facts alleged here, to state any plausible federal claims upon which relief may be granted in accordance with Rule 8 of the Federal Rules of Civil Procedure.

In short, Plaintiff's attempt to turn what is essentially landlord-tenant disputes into a federal action is, under these circumstances, to no avail. This Court is not the proper forum for Plaintiff to assert his housing grievances.

---

[2]The Rooker-Feldman doctrine, however, may be applied to a non-party in the state court proceedings. See, e.g., Morris v. Am. Home Mortgage Servicing, Inc., 2011 WL 4448742, at *1 (5th Cir. Sept. 27, 2011) (slip copy) (Rooker-Feldman may be invoked by a defendant who was not a party in the prior state-court litigation); Lambeth v. Miller, 363 Fed. Appx. 565, 568-69 (10th Cir. 2010) (same); Christophe v. Morris, 198 Fed. Appx. 818, 824-25 (11th Cir. 2006) (same); see also Walton v. Claybridge Homeowners Ass'n, Inc., 2011 WL 3331944, at *1 (7th Cir. Aug. 3, 2011 (slip copy) (plaintiff's suit against state court judge and others barred by Rooker-Feldman where the plaintiff asked for injunctive relief from rulings of state court judge).

## CONCLUSION

Based on the foregoing, and for all the reasons set forth in the Memorandum and Order (Docket No. 8), Plaintiff's Motion for Reconsideration (Docket No. 11) is <u>DENIED</u>. In order to preserve scarce judicial resources, Plaintiff is <u>PROHIBITED</u> from filing any further requests from the District Court for relief in this action.


SO ORDERED.

                                                <u>/s/ Joseph L. Tauro</u>
                                                JOSEPH L. TAURO
                                                UNITED STATES DISTRICT JUDGE

DATED: November 2, 2011